IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES E. STACKHOUSE, | ) |
|     Plaintiff, | )<br>)<br>) |
| v. | )   CIVIL ACTION NO. 2:18-CV-1074-MHT |
| COVINGTON COUNTY JAIL, et al., | )<br>)<br>) |
|     Defendants. | )<br>) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by James E. Stackhouse, an indigent inmate incarcerated in the Covington County Jail, in which he challenges his access to medical and dental treatment. Doc. 1 at 2–3. Stackhouse names the Covington County Jail, and Dennis Meeks, the Sheriff of Covington County, as defendants in this cause of action.

Upon thorough review of the complaint, the court finds that the claims presented by Stackhouse against the Covington County Jail are subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**II. DISMISSAL OF THE COVINGTON COUNTY JAIL**

Stackhouse names the Covington County Jail as a defendant in this case. The law

---

[1] The court granted Stackhouse leave to proceed *in forma pauperis* in this case. Doc. 3. The complaint must therefore be screened under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a claim or defendant if it determines that the complaint presents a claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

is well settled that

> in order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." *Id*. While local governments qualify as "persons" under Section 1983, state agencies and penal institutions are generally not considered legal entities subject to suit. *See Grech v. Clayton Cty.*, 335 F.3d 1326, 1343 (11th Cir. 2003). Consequently, a county jail [is] not [a] viable defendant[] under Section 1983. *Williams v. Chatham Cty. Sherriff's Complex*, Case No. 4:07-CV-68, 2007 WL 2345243, at *1 (S.D. Ga. Aug. 14, 2007) ("The county jail . . . has no independent legal identity and therefore is not an entity that is subject to suit under Section 1983.").

*Bell v. Brown*, 2017 WL 3473845, at *5 (S.D. Ga. Aug. 11, 2017); *see Ex parte Dixon*, 55 So.3d 1171, 1172 n.1 (Ala. 2010) ("Generally, the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority.").

In light of the foregoing, it is clear that the Covington County Jail is not a legal entity subject to suit and is therefore due to be dismissed as a defendant in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Covington County Jail be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Covington County Jail be dismissed as a defendant in this cause of action.

3. This case, with respect to the plaintiff's claims against defendant Dennis Meeks, be referred back to the undersigned for appropriate proceedings.

On or before **January 22, 2019** the plaintiff may file objections to this Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 7th day of January, 2019.

                                                  /s/   Charles S. Coody
                                        UNITED STATES MAGISTRATE JUDGE